UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

```
                                    NIGHT BOX
                                      FILED

                                    FEB 1 4 2000

                                    CLARENCE MADDOX
                                    CLERK, USDC/SDFL/FTL
```

UNITED STATES OF AMERICA,  )
                           )   NO. 00-6023-CR-DIMITROULEAS
v.                         )
                           )
MARC H. NUNES              )
     and                   )
PAUL M. HOWELL,            )
                           )
          Defendants.      )   GOVERNMENT'S RESPONSE TO
                           )   STANDING DISCOVERY ORDER

The United States files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

    A.   1.   There are written or recorded statements made by the defendants Marc H. Nunes and Paul M. Howell and the statements will be provided after transcription.

           2.   There was an oral statement made by defendant Marc H. Numes before or after arrest, in response to interrogation by a person <u>then known to the defendant to be a government agent</u>, which statement the government intends to offer in evidence at trial, other than a personal history taken at the time of arrest; and the statements will be provided after transcription.

           3.   No defendant testified before the Grand Jury.

           4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



      5. Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendants may be inspected by making an appointment with undersigned counsel, or U.S. Customs S/A Steve Houk at 954-356-7383.

      Attached:
      1.) DEA Reports - numbered 00001 thru 00053.

      2.) U.S. CUSTOMS Reports - numbered 00054 thru 00411.

      3.) Tapes - numbered 00412 thru 00415.

      4.) DEA Reports - numbered 00416 thru 00427.

      5.) U.S. CUSTOMS Reports - numbered 00428 thru 00544.

      6. A laboratory analysis of the substances seized in connection with this case is attached.

B. The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady</u> or <u>Agurs</u>.

D. The government is aware of promises of immunity, leniency, or preferential treatment, made to a prospective government witness within the scope of <u>Giglio</u> or <u>Napue</u> and the plea agreements reach to date are attached.

E. The government did not use a confidential informant in this case.

F. The defendants were identified in a photo spread. A copy of the photo spread is attached hereto.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I. No defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples have been set aside to be used as evidence at trial.

L. The government seized a travel bag, papers and records allegedly used in or related to the commission of this offense.

If you wish to inspect these items or any other evidence seized from the defendants used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized Non Drug Evidence.

        Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized Non Drug Evidence must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

        If you anticipate that this deadline may create a problem for you or your client, please notify promptly the appropriate AUSA.

M.    The government has requested examination of latent fingerprints or palm prints as well as handwriting analysis in this case.

N.    The government is prepared to stipulate to the drug chemical analysis associated with the cocaine used in this investigation, the records and papers recovered from the defendant at time of arrest and the voice identification on the tape recordings in this case since the early resolution of these matters will expedite the trial.

O.    In an effort to prepare a written statement generally describing all discovery material exchanged and any stipulations entered into by the parties an evidence conference has been tentatively scheduled for the viewing by the defense counsel of the evidence seized in this case:

        **Friday, February 25th, 2000: 2:00 PM**
        U.S. Customs Service
        299 E. Broward Blvd., Fourth Fl.
        Ft. Lauderdale, Florida 33301

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date: Between March 12, 1998 and April 28, 1998
Place: Broward County, Florida; Barbados, West Indies; Jamaica

The attachments to this response are numbered pages 00001 - 00613. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _Roger W. Powell_
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.: 341411
Telephone No.: (954) 356-7255
Facsimile No: (954) 356-7336
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394

cc: Customs S/A Steve Houk

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this **14st** day of **February, 2000** to:

    Mr. Michael Hursey, Esq.
    Attorney for Defendant Howell
    305 South Andrews Avenue, Suite 800
    Fort Lauderdale, Florida 33301

    Mr. Abe A. Bailey, Esq.
    Attorney for Defendant Nunes
    18350 N.W. 2nd Avenue, 5th Floor
    Miami, Florida 33169

                              _____
                              ROGER W. POWELL
                              ASSISTANT UNITED STATES ATTORNEY