

NIGHT BOX FILED
MAY 18 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,                    CASE NO.: 00-6023-Cr-Dimitrouleas

vs.

MARC H. NUÑES,

    Defendant.
_____/

### JOINT DEFENSE/GOVERNMENT
### EMERGENCY MOTION TO CONTINUE
### UNTIL THE TRIAL PERIOD OF JUNE 5th, 2000

**COMES NOW** the Defendant, MARC H. NUÑES, by and through counsel and respectfully requests this Honorable Court grant this motion and would allege as follows:

1. The Defendant, MARC H. NUÑES, was arrested in the Miami International Airport in early February 2000 pursuant to a Warrant and was subsequently indicted for conspiracy to import cocaine; attempting to import cocaine and marijuana; and possession with intent to distribute cocaine and marijuana.

2. On the calendar call of March 3rd, 2000 the trial in this cause was specially set for May 22nd, 2000. This matter was continued not only for preparation but for lead counsel, Patricia Jean Kyle to make a family trip.

3. As we approach the special set trial date of May 22, 2000 counsel(s) realize they need an additional two weeks, and respectfully request this matter be continued to June 3, 2000 so as to avoid several conflicts which have recently arisen.

## CONFLICTS

### A. Witness

4. Defense key witness Celia Hibbert is a computer analyst/specialist employed by American Express. She is Project Manager of a project wherein four countries will be converting their accounting and billing computer and networking systems. Ms. Hibbert is scheduled to go to Norway, Sweden, Denmark, and Switzerland as the advance party in charge of the conversion commencing Thursday, May 23, 2000. (See attached Exhibit A.)

5. Herein, Ms. Hibbert's testimony is significant because Ms. Hibbert was a close personal friend of the Defendant, MARC NUÑES, throughout 1998. The government alleges that on key dates contraband was being shipped to this country 38 telephone calls were made to her residence by Co-Defendant Keith Murray. Her testimony concerning the telephone calls is critical.

### B. Witnesses

6. On May 14, 2000, counsel met for stipulation conference and to describe which witnesses would be presented by each side. The government stated they were not calling co-defendant/co-conspirator Paul Howell. The defense had subpoenaed

various witnesses from various federal institutions to attack Mr. Howell's credibility. Pursuant to the stipulation conference and the government's representation they would not call Mr. Howell, the defense abandoned efforts to obtain impeaching witnesses who are in federal custody. Just this afternoon, May 18th, 2000 at 2:30 p.m. defense counsel was advised by Assistant United States Attorney Roger Powell of a newly discovered co-conspirator statement made by Paul Howell. As a result, the government may intend to use this statement against the defendant and to use Mr. Howell as a witness against the defendant. Clearly, the defendant was not timely advised of this statement; is not prepared to impeach Mr. Howell at trial at this time; and the defendant is totally unable to obtain in time for trial witnesses in federal custody to impeach Mr. Howell.

### C. Witnesses

7. Assistant United States Attorney Roger Powell also just informed defense counsel that the United States Marshals unexpectedly airlifted one of the government's main witnesses, Roy Brathwaite, to Atlanta Penitentiary and can not have him returned to Miami until at least mid-week of next week.

### D. Documents

8. The defense was able to obtain from Western Union copies of the actual money transfer forms allegedly written and sent to this country by the Defendant, MARC NUÑES.

9. The Defendant, MARC NUÑES, has also subpoenaed those records from Western Union in Miami. A recent attempt was made to compare the handwriting

on those forms to known exemplars written by the Defendant, MARC NUÑES. The handwriting expert can not make comparison from these copies.

10. Additionally, in discussing this matter with Assistant United States Attorney Roger Powell, he is desirous of obtaining the handwriting analysis results as soon as possible so he can request the Department of Justice to obtain a government expert to review the documents.

11. The Defendant, MARC NUÑES, is encouraged and convinced he can get the originals either through Western Union personnel in Jamaica or through the subpoena that has not been responded to as of this time, and that the defendant will be able to present testimony that the defendant did not execute those forms.

### E. Bellsouth Telephone Records

12. A large part of the government's case will be based upon telephone conversations and records between the various co-defendants. Over a month ago the defense subpoenaed telephone records of a number of co-conspirators for a period spanning one year. Those records were received several days ago, voluminous, (eight inches in height), and will require several days to review and analyze.

### F. Counsel

13. Although lead counsel is ready, willing and able to commence trial on Monday, May 22[nd,] she has just returned from a much delayed, lengthy family vacation and mandatory judge's conference. The Defendant ,MARC NUÑES, has expressed his concern about her ability to prepare in as much as she has only had the opportunity to visit him three times while in custody and her arrival to Miami four days before trial.

STEPHEN J. GOLEMBE, ATTORNEY AT LAW
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FLORIDA 33133  •  TELEPHONE (305) 858-0404

14. Although counsel is prepared, a continuance would allay the Defendant, MARC NUÑES', concern.

15. Additionally, lead counsel will be in the jurisdiction for the trial period of June 5th, 2000 and would suggest that will be more convenient for all parties.

**WHEREFORE**, the Defendant, MARC NUÑES, respectfully requests this Honorable Court grant this motion and continue the trial in this matter until June 5th, 2000. The government has no objection to this continuance and joins in this motion.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was forwarded to Assistant United States Attorney Roger Powell, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and Co-Counsel Abe A. Bailey, 18350 Northwest 2nd Avenue, 5th Floor, Miami, Florida 33169 on this 17th day of May, 2000.

Respectfully submitted,

| | |
|---|---|
| STEPHEN J. GOLEMBE, ESQ. | PATRICIA JEAN KYLE, ESQ. |
| Terremark Centre - Suite 1400 | Attorney at Law |
| 2601 South Bayshore Drive | 216 South Grand Avenue |
| Coconut Grove, Florida 33133 | Bozeman, Montana 59715 |
| (305) 858-0404 | (406) 582-2040 |
| STEPHEN J. GOLEMBE, ESQUIRE | PATRICIA JEAN KYLE, ESQ. |

The conversion of all American Express credit and collections cases for Denmark, Norway, Sweden and Switzerland is scheduled to be implemented on May 25, 2000 through May 30, 2000. As the computer programmer/analyst and technical lead responsible for this project since it's inception, it is imperative that I am on site in Europe during that time. I am scheduled to leave the U.S. on Wed, May 24, 2000 returning on Wed May 31, 2000.

At this time it is impossible to find a replacement who will be able to provide the level of technical expertise and who will be able to fully support the business needs surrounding this process.

In addition, due to the complexity of this conversion process, and the number of interfacing systems, it is not feasible to move it to a later date. We have had resources and systems preparing for this in 6 different countries, and we have carefully planned the date around resource issues, business needs, technical interfaces and training.

American Express has a small window in which to get this done and we must take advantage of it. For us to move this date, or not be represented to the fullest, would result in a significant losses.

EXHIBIT A