UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. <u>00-6023-CR-DIMITROULEAS</u>

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARC H. NUNES,

        Defendant.

_____/

**NIGHT BOX
FILED**

**MAY 1 9 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S PROPOSED
### JURY INSTRUCTIONS

The United States of America respectfully requests the Court
to instruct the jury in accordance with the attached proposed
special and offense-related instructions in addition to the Pattern
Jury Instructions normally given by this Court in criminal trials.
In so requesting, the United States expressly reserves the right to
request additional instructions as appropriate in light of the
evidence introduced and defenses raised through the remainder of
the trial.

        Respectfully submitted,

        THOMAS E. SCOTT
        UNITED STATES ATTORNEY

By:    *Roger W. Powell*

        ROGER W. POWELL
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No.:  341411
        PH:(954) 356-7255;FAX: 356-7336
        500 E. Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33394



## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the

foregoing was faxed this **20TH** day of **May, 2000** to:

>       Ms. Patricia J. Kyle, Esq.
>       Attorney for Defendant Nunes
>       216 South Grand Avenue
>       Bozeman, Montana 59715
>
>       Mr. Stephen J. Golembe, Esq.
>       Attorney for Defendant Nunes
>       2601 South Bayshore Drive, Suite 1400
>       Coconut Grove, Florida 33133
>
>       Mr. J.C. ELSO, Esq.
>       Attorney for Defendant Nunes
>       3780 W. Flagler Street
>       Miami, Florida 33134

ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

**INSTRUCTION NO. 1**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## NO. 00-6023-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARC H. NUNES,

        Defendant.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Indictment.

_____

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction - Introduction 1.

-1-

## INSTRUCTION NO. 2

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 2.2 - Duty to Follow Instructions, Presumption of Innocence (When Any Defendant Does Not Testify).

## INSTRUCTION NO. 3

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 3 - Definition of Reasonable Doubt.

## INSTRUCTION NO. 4

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 4.2 - Consideration of the Evidence, Direct and Circumstantial - Argument of Counsel, Comments by the Court.

-4-

## INSTRUCTION NO. 5

Now, in saying that you must _consider_ all of the evidence, I do not mean that you must _accept_ all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular fact in dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the thing he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 5 - Credibility of Witnesses.

-5-

## INSTRUCTION NO. 6

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 6.2 - Impeachment -- Inconsistent Statement and
Felony Conviction.

## INSTRUCTION NO. 7

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 7 - Expert Witnesses.

## INSTRUCTION NO. 8

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

---

Eleventh Circuit Pattern Jury Instructions (1997)
Special Instruction 2.1 - Confession -- Statement (single defendant).

-8-

## INSTRUCTION NO. 9

At this time I will explain the Indictment which charges 5 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.

In summary, however, Count 1 of the Indictment, charges that the Defendant knowingly and willfully **conspired** together with others to Import into the United States, from a place outside thereof, a Controlled Substance, that is cocaine, in violation of Title 21, United States Code, Section 963.

Count 2 , respectively, charges the commission of what is referred to as a substantive offense, namely that the Defendant, as to Count 2, Attempted to Import into the United States, from a place outside thereof, a Controlled Substance, that is cocaine, in violation of Title 21, United States Code, Sections 952(a) and 963, and Title 18, United States Code, Section 2. In addition Count 3, charges that the Defendant attempted to import into the United States, from a place outside thereof, a Controlled Substance, that is marijuana, in violation of Title 21, United States Code, Sections 952(a) and 963, and Title 18, United States Code, Section 2. In addition Count 4, charges that the Defendant attempted to possess with intent to distribute a controlled substance, that is cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2.

-9-

Lastly Count  5 , charges that the Defendant attempted to possess with intent to distribute a controlled substance, that is marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2. I will explain to you the law governing each of those substantive offenses in a moment.

First, however, as to Count 1 of the Indictment, you will note that the Defendant is not charged in that Count with committing a substantive offense; rather, he is charged with having conspired to do so.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 8 - Introduction to Offense Instructions (In Conspiracy Cases)(modified as required).

-10-

### INSTRUCTION NO. 10

Count 1. Controlled Substances
(Conspiracy)
21 USC § 963

Title 21, United States code, Section 963 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 952(a). Section 952(a) makes it a crime for anyone to knowingly import <u>cocaine</u> into the United States from some place outside the United States.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

-11-

What the evidence in the case _must_ show beyond a reasonable doubt is:

First:   That two or more persons in some way or
         manner, came to a mutual understanding to
         try to accomplish a common and unlawful
         plan, as charged in the indictment; and

Second:  That the Defendant, knowing the unlawful
         purpose of the plan, willfully joined in
         it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

---

Eleventh Circuit Pattern Jury Instruction (1997)
Offense Instruction 75 - Controlled Substances (Conspiracy) (modified).

## INSTRUCTION NO. 11

COUNT 2. Attempted Importation of Controlled Substance
21 U.S.C. §§ 952(a) & 963
18 U.S.C. § 2

Title 21, United States Code, Sections 952(a) and 963, and
Title 18, United States Code, Section 2, make it a Federal crime or
offense for anyone to knowingly attempt to import any controlled
substance into the United States.

Cocaine is a controlled substance within the meaning of the
law.

The Defendant can be found guilty of that offense only if all
of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant attempted to import cocaine into
           the United States from a place outside thereof, as
           charged; and

Second:    That the Defendant did so knowingly and willfully.

To "import" a substance means to bring or transport that
substance into the United States from some place outside the United
States.

---

Eleventh Circuit Pattern Jury Instruction (1997)
Offense Instruction 78 - Controlled Substances (modified).

-13-

## INSTRUCTION NO. 12

COUNT 3. Attempted Importation of Controlled Substance
21 U.S.C. §§ 952(a) & 963
18 U.S.C. § 2

Title 21, United States Code, Sections 952(a) and 963, and

Title 18, United States Code, Section 2, make it a Federal crime or

offense for anyone to knowingly attempt to import any controlled

substance into the United States.

Marijuana is a controlled substance within the meaning of the

law.

The Defendant can be found guilty of that offense only if all

of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant attempted to import marijuana
          into the United States from a place outside
          thereof, as charged; and

Second:   That the Defendant did so knowingly and willfully.

To "import" a substance means to bring or transport that

substance into the United States from some place outside the United

States.

---

Eleventh Circuit Pattern Jury Instruction (1997)
Offense Instruction 78 - Controlled Substances (modified).

-14-

## INSTRUCTION NO. 13

COUNT 4. Attempted Possession of Controlled Substance
21 U.S.C. §§ 841(a)(1) and 846
18 U.S.C. § 2

Title 21, United States Code, Sections 841(a)(1) and 846, and

Title 18, United States Code, Section 2, make it a Federal crime or

offense for anyone to attempt to possess a "controlled substance"

with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the

law.

The Defendant can be found guilty of that offense only if all

of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly and willfully
            possessed cocaine as charged; and

Second:     That the Defendant possessed the
            substance with the intent to distribute
            it.                              .

To "possess with intent to distribute" simply means to possess

with intent to deliver or transfer possession of a controlled

substance to another person, with or without a financial interest

in the transaction.

Eleventh Circuit Pattern Jury Instruction (1997)
Offense Instruction 73 – Controlled Substances (Possession With
Intent To Distribute)(as modified).

## INSTRUCTION NO. 14

COUNT 5. Attempted Possession of Controlled Substance
21 U.S.C. §§ 841(a)(1) and 846
18 U.S.C. § 2

Title 21, United States Code, Sections 841(a)(1) and 846, and

Title 18, United States Code, Section 2, make it a Federal crime or

offense for anyone to attempt to possess a "controlled substance"

with intent to distribute it.

Marijuana is a "controlled substance" within the meaning of

the law.

The Defendant can be found guilty of that offense only if all

of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly and willfully
          possessed marijuana as charged; and

Second:   That the Defendant possessed the
          substance with the intent to distribute
          it.

To "possess with intent to distribute" simply means to possess

with intent to deliver or transfer possession of a controlled

substance to another person, with or without a financial interest

in the transaction.

---

Eleventh Circuit Pattern Jury Instruction (1997)
Offense Instruction 73 - Controlled Substances (Possession With
Intent To Distribute)(as modified).

## INSTRUCTION NO. 15

### Possession

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

Eleventh Circuit Pattern Jury Instruction (1997)
Special Instruction 6 - Possession.

-17-

## INSTRUCTION NO. 16

Attempt
21 U.S.C. §§ 846 and 963

An attempt consists of an act which is done with the specific intent to commit a particular crime and is reasonably adapted to the accomplishment of that end. Mere preparation to commit a crime does not constitute an attempt. However, an act of preparation may progress to the point that it does constitute an attempt. To progress to the point where an act constitutes an attempt, the act must carry the criminal venture forward to within dangerous proximity of the criminal end sought to be attained. Stated another way, in order to conclude that a criminal attempt exists, you must first find that the Defendant specifically intended to commit a particular crime. If you find the requisite intent, then you must look to whether the Defendant's conduct or behavior constituted a substantial step toward commission of the crime. You may convict the Defendant of an attempt to commit the crime even if the evidence shows that the offense was completed.

United States v. Anderson, 651 F.2d 375 (5th Cir. 1981); United States v. Mowad, 641 F.2d 1067 (2d Cir.), cert. denied, 454 U.S. 817 (1981); United States v. Manley, 632 F.2d 978 (2nd Cir. 1980); United States v. Alvarez, 610 F.2d 1250, 1254 n.3 (5th Cir. 1980); United States v. Mandjuano, 499 F.2d 370, 376 (5th Cir. 1974), cert. denied, 419 U.S. 1114 (1975); United States v. Forbrich, 758 F.2d 555 (11th Cir. 1985).

**INSTRUCTION NO. 17**

Aiding and Abetting (Agency)
18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt

that the Defendant was a willful participant and not merely a
knowing spectator.

---

Eleventh Circuit Pattern Jury Instruction (1997)
Special Instruction 7 - Aiding and Abetting (Agency).

## INSTRUCTION NO. 18

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction 9.1 - On or About -- Knowingly -- Willfully.

## INSTRUCTION NO. 19

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Eleventh Circuit Pattern Jury Instruction (1997)
Basic Instruction 10.2 - Caution--Punishment (Single Defendant --
Multiple Counts).

## INSTRUCTION NO. 20

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instruction (1997)
Basic Instruction 11 - Duty to Deliberate.

-23-

## INSTRUCTION NO. 21

When you go into the jury room you should first select one of your members to act as your foreperson.    The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

### [ Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instruction (1997)
Basic Instruction 12 - Verdict.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. <u>00-6023-CR-DIMITROULEAS</u>

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARC H. NUNES,

Defendant.
_____/

## **VERDICT**

WE, THE JURY, FIND: the defendant MARC H. NUNES,

As to Count 1      _____
                   GUILTY/NOT GUILTY

As to Count 2      _____
                   GUILTY/NOT GUILTY

As to Count 3      _____
                   GUILTY/NOT GUILTY

As to Count 4      _____
                   GUILTY/NOT GUILTY

As to Count 5      _____
                   GUILTY/NOT GUILTY

as charged in the Indictment.

So say we all.

_____        _____
          FOREPERSON                              DATE

-25-