UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023-CR-DIMITROULEAS

UNITED STATES OF AMERICA

     Plaintiff,

-vs-

MARC H. NUNES,

     Defendant.

_____\



## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

\B6.2

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

At this time I will explain the indictment which charges five separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count I charges that the Defendants knowingly and willfully conspired together to Import into the United States, from a place outside thereof, a Controlled Substance, that is cocaine, in violation of Title 21, United States Code, Section 963.

Counts 2-5, respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendants as to Count 2 and 3, Attempted to Import into the United States, from a place outside thereof, a Controlled Substance, that is cocaine as to Count 2 and marijuana as to Count 3, in violation of Title 21, United States Code, Section 952(a) and 963, and Title 18, United States Code, Section 2. As to Counts 4 and 5, Attempt to Possess Controlled Substance with Intent to Distribute Cocaine, as to Count 4, and marijuana, as to Count 5 in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count I, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.

1B8

Title 21, United States Code, Section [963] make it a separate

Federal crime or offense for anyone to conspire or agree with someone

else to do something which, if actually carried out, would be a violation of

[Section 952(a)].  [Section 952(a) makes it a crime for anyone to

knowingly import cocaine into the United States from some place outside

the United States.]

So, under the law, a "conspiracy" is an agreement or a kind of

"partnership in criminal purposes" in which each member becomes the

agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the

Government to prove that all of the people named in the indictment were

members of the scheme, or that those who were members had entered

into any formal type of agreement.  Also, because the essence of a

conspiracy offense is the making of the scheme itself, it is not necessary

for the Government to prove that the conspirators actually succeeded in

accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable

doubt is:

 First: That two or more persons in some way or manner,
came to a mutual understanding to try to
accomplish a common and unlawful plan, as
charged in the indictment; and

Second:    That the Defendant, knowing the
unlawful purpose of the plan, willfully
joined in it.

A person may become a member of a conspiracy without full
knowledge of all of the details of the unlawful scheme or the names and
identities of all of the other alleged conspirators. So, if a Defendant has a
general understanding of the unlawful purpose of the plan and knowingly
and willfully joins in that plan on one occasion, that is sufficient to convict
that Defendant for conspiracy even though the Defendant did not
participate before and even though the Defendant played only a minor
part.

Of course, mere presence at the scene of a transaction or event, or
the mere fact that certain persons may have associated with each other,
and may have assembled together and discussed common aims and
interests, does not necessarily establish proof of a conspiracy. Also, a
person who has no knowledge of a conspiracy, but who happens to act in
a way which advances some purpose of one, does not thereby become a
conspirator.

Title 21, United States Code, Section 952(a), makes it a Federal

crime or offense for anyone to knowingly attempt to import any controlled

substance into the United States.

Cocaine is a controlled substance within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

First:    That the Defendant attempted to import
          cocaine into the United States from a place
          outside thereof, as charged; and

Second:   That the Defendant did so knowingly
          and willfully.

To "import" a substance means to bring or transport that substance

into the United States from some place outside the United States.

Title 21, United States Code, Section 952(a), makes it a Federal

crime or offense for anyone to knowingly attempt to import any controlled

substance into the United States.

Marijuana is a controlled substance within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

First:      That the Defendant attempted to import
            marijuana into the United States from a place
            outside thereof, as charged; and

Second:   That the Defendant did so knowingly
            and willfully.

To "import" a substance means to bring or transport that substance

into the United States from some place outside the United States.

Title 21, United States Code, Section 841(a)(1), makes it a Federal

crime or offense for anyone to attempt to possess a "controlled

substance" with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly and willfully
          attempted to possess cocaine as charged;
          and

Second:   That the Defendant attempted to
          possess the substance with the intent
          to distribute it.

To "possess with intent to distribute" simply means to possess with

intent to deliver or transfer possession of a controlled substance to

another person, with or without any financial interest in the transaction.

Title 21, United States Code, Section 841(a)(1), makes it a Federal

crime or offense for anyone to attempt to possess a "controlled

substance" with intent to distribute it.

Marijuana is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

- First:     That the Defendant knowingly and willfully
             attempted to possess marijuana as charged;
             and

- Second:    That the Defendant attempted to
             possess the substance with the intent
             to distribute it.

To "possess with intent to distribute" simply means to possess with

intent to deliver or transfer possession of a controlled substance to

another person, with or without any financial interest in the transaction.

O73

An attempt consists of an act which is done with the specific intent to commit a particular crime and is reasonably adapted to the accomplishment of that end. Mere preparation to commit a crime does not constitute an attempt. However, an act of preparation may progress to the point that it does constitute an attempt.   To progress to the point where an act constitutes an attempt, the act must carry the criminal venture forward to within dangerous proximity of the criminal end sought to be attained.   Stated another way, in order to conclude that a criminal attempt exists, you must first find that the Defendant specifically intended to commit a particular crime. If you find the requisite intent, then you must look to whether the Defendant's conduct or behavior constituted a substantial step toward commission of the crime.  You may convict the Defendant of an attempt to commit the crime even if the evidence shows that the offense was completed.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

\B10.2

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

IB12