UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 00-6023-CR-DIMITROULEAS



UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARC H. NUNES,

        Defendant.

_____/

### GOVERNMENT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorneys, and files its Objections to the Presentence Investigation (PSI) Report and states as follows:

1. The Government objects to the PSI, paragraphs 19 and 30 Role Assessment and Adjustment for Role in the Offense, which should have been increased by 3 points for his manager and supervisory role in the Fort Lauderdale Airport drug organization. Section 3B1.1 of the sentencing guidelines provides:

> Based on the defendant's role in the offense, increase the offense level as follows:
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels;
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels;



      (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

In <u>United States v. Alred</u>, 144 F.3d 1405, 1421 (11th Cir. 1998), this Court stated that the factors that the district court should consider in distinguishing a leadership and organizational role from one of mere management or supervision are: "The exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in the commission of the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4).

The evidence shows that all of the defendants were not equally culpable. A summary of Nunez' conduct in this case includes the following: he recruited Keith Murray to assist the drug courier, Roy Brathwaite; he explained the smuggling plan to Brathwaite and Murray; he wired money for the airline tickets for the courier; he provide the luggage for transporting the narcotics; he picked up the courier at the Airport in Jamaica and checked him into a hotel; he provided the drugs in Jamaica for importation into the United States; he accompanied the courier back to the airport from the hotel in Jamaica; he provided the money to pay drug courier Brathwaite, airport baggage handler Quayle Richardson and Fort

Lauderdale supervisor Keith Murray.  This defendant exemplified the behavior of a manager or supervisor, that is, he exercised decision-making authority, as well as authority and control over others, recruited accomplices, and planned and directed the activities of others.

The Eleventh Circuit Court of Appeals and several others have affirmed three-level enhancements for defendants who performed roles similar to those undertaken by Nunez.  See United States v. Matthews, 168 F.3d 1234, 1249 (11th Cir. 1999) (arranging drug transactions and hiring others to work for the conspiracy); United States v. Akinrinade, 61 F.3d 1279, 1289 (7th Cir. 1995) (recruiting couriers and directing their activities); United States v. Bashara, 27 F.3d 1174, 1183-84 (6th Cir. 1994) (coordinating activities of drug conspiracy and recruiting accomplices); United States v. Okayfor, 996 F.2d 116, 117-18, 122 (6th Cir. 1993) (driving courier to airport, paying for her flight, and generally directing her method of drug transportation); United States v. Adipietro, 983 F.2d 1468, 1473 (8th Cir. 1993) (recruiting other members of conspiracy and directing their activities); United States v. Cotto, 979 F.2d 921, 922 (2d Cir. 1992) (deciding which couriers to send and determining the specific details of their assignments); United States v. Pierce, 893 F.2d 669, 676 (5th Cir. 1990) (recruiting other members of conspiracy and directing their activities).

On the three occasions brought out at trial, Nunez conspired with five or more individuals; Quayle Richardson, Roy Brathwaite, Paul Howell, Keith Murray, "Subby" and others. The Eleventh Circuit has now clarified that the defendant can be counted as one of the participants. United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994). Moreover, the district court need not make explicit findings where the record clearly supports the role enhancement, especially where the district court presided over a trial of the facts at issue. See United States v. Jones, 933 F.2d 1541, 1546 (11th Cir. 1991); see also Okayfor, supra, 996 F.2d at 122.

As to Nunez, he may or may not have been subordinate to others, however, this status does not preclude an enhancement for his role as a manager or supervisor. See Jones, supra, 933 F.2d at 1546-47 (defendant's subordinate role to another does not preclude supervisory enhancement where defendant coordinated and managed the delivery of drugs); see also United States v. Smith, 893 F.2d 1269, 1275 (11th Cir. 1990) (defendant, whose co-defendant husband was principal organizer and manager of drug conspiracy, was nevertheless subject to a three-level enhancement because she also participated directly in the offenses and maintained a position as a manager).

2.  The Government objects to the PSI, paragraphs 26 and 32 Adjustment for Obstruction of Justice, which should have been

increased by 2 points for offering to pay Government witness Roy Brathwaite $40,000 to change his trial testimony; threatening to harm Government witness Paul Howell and Quayle Richardson if they testified against Defendant Nunez at trial; and threatening to harm Government witness Keith Murray and his wife, if he testified against Defendant Nunez at trial. In relevant part, USSG § 3C1.1 provides for a 2-level increase in the offense level for a defendant who has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense[.]" The commentary to § 3C1.1 states that the enhancement applies to "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so[.]" USSG § 3C1.1, comment. (n. 4(a)). The Government intends to introduce evidence at the sentencing to further substantiate the defendant's obstruction of justice conduct prior to trial.

This Court can base a § 3C1.1 obstruction enhancement on a witness' testimony that the defendant threatened him prior to trial. See, e.g., United States v. Campbell, 985 F.2d 341, 347 (7th Cir. 1993) (conspirator's testimony that defendant threatened him in holding area in attempt to influence conspirator's testimony supported obstruction enhancement); United States v. Veilleux, 949 F.2d 522, 526 (1st Cir. 1991) (witness' testimony that defendant

5

threatened to kill him if he testified). Moreover, should Defendant Nunez persist in this same conduct post-trial, pre-sentencing, §3C1.1 can form the basis for an obstruction enhancement. See United States v. Lagasse, 87 F.3d 18, 23-24 (1st Cir. 1996) (affirming § 3C1.1 enhancement based on defendant's punching of witness after guilty plea but prior to sentencing); United States v. Hinds, 976 F.2d 1096, 1103 (7th Cir. 1992) (§ 3C1.1 enhancement "applies to obstruction of the sentencing process as well as to obstructive activities before and during trial").

3.  In this case the Government asserts for the above reasons that the correct Guidelines Total Offense Level should be 39, with a Guidelines imprisonment range of 262 to 327 months.

>                  Respectfully submitted,
>
>                  GUY A. LEWIS
>                  UNITED STATES ATTORNEY
>
>           By:    /s/ Roger W. Powell
>                  ROGER W. POWELL
>                  ASSISTANT UNITED STATES ATTORNEY
>                  Florida Bar No.: 341411
>                  500 E. Broward Blvd., Suite 700
>                  Fort Lauderdale, Florida 33394
>                  Tele: (954)356-7255; Fax:356-7336

6

### CERTIFICATE OF SERVICE

**I HEREBY** CERTIFY that a true and correct copy of the foregoing was faxed this **26** day of **July, 2000** to:

        Ms. Patricia J. Kyle, Esq.
        Attorney for Defendant Nunes
        216 South Grand Avenue
        Bozeman, Montana 59715

        Mr. Stephen J. Golembe, Esq.
        Attorney for Defendant Nunes
        2601 South Bayshore Drive, Suite 1400
        Coconut Grove, Florida 33133

        Mr. J.C. Elso, Esq.
        Attorney for Defendant Nunes
        3780 W. Flagler Street
        Miami, Florida 33134

        Dennis M. Woolfolk
        U.S. Probation Officer
        Room 715, U.S. Courthouse
        300 N.E. First Avenue
        Miami, Florida 33132

                        _/s/ Roger W. Powell_
                        ROGER W. POWELL
                        ASSISTANT UNITED STATES ATTORNEY