

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        CASE NO. 00-6023-Cr-Dimitrouleas

        Plaintiff,

vs.

MARC H. NUNES,

        Defendant.

_____/

## DEFENDANT'S RESPONSE
## TO THE GOVERNMENT'S OBJECTIONS
## TO THE PRE-SENTENCE INVESTIGATION REPORT

**COMES NOW**, the Defendant, MARC H. NUNES, by and through his

undersigned attorneys, and files his response to the government's objections to the

Pre-Sentence Investigation Report and would allege as follows:

### STATEMENT OF THE CASE

1. The Defendant, MARC NUNES (herein after referred to as the defendant),

was arrested on January 30th, 2000 and charged with conspiracy to import cocaine,

attempting to import cocaine and marijuana; and possession with intent to distribute

cocaine and marijuana.



STEPHEN J. GOLEMBE, P.A. ATTORNEY AT LAW
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FLORIDA 33133 · TELEPHONE (305) 858-0404

2. A jury was impaneled on or about May 22nd, 2000, testimony was taken, argument was made and the jury returned a verdict finding the defendant guilty of charges.

3. The defendant received the Pre-Sentence Investigation Report on July 10th, 2000 and objections are due by July 21, 2000.

4. The sentencing in this matter is scheduled for Friday, August 11th, 2000 at 11:00 a.m.

### Objection No. 1 - Role in the Offense

5. The government objects to paragraphs 19 and 30 of the Pre-Sentence Investigation Report wherein the Pre-Sentence Investigation Officer did not increase the defendant's offense level for a managerial and/or supervisory role in this drug conspiracy.

6. The government cites a deluge of cases to support its position. The analysis of these cases can not and do not contradict the facts that were revealed from the trial testimony.

7. The Offense Conduct, Paragraphs 4 through 18, reconstruct the events of this conspiracy as well as pointing out the specific participation of each of the co-conspirators and co-defendants.

8. Reviewing the Offense Conduct Section of the Pre-Sentence Investigation Report in conjunction with paragraphs 19 through 23 of the report, which summarizes the role of each co-defendant, clearly demonstrates the position of each of the co-defendants in relationship to one another and the various roles they played in this conspiracy.

9. The trial testimony was very clear. The organizer and leader of this criminal episode was Claude Sayers a/k/a "Subby". It was the government's cooperating witness, Keith Murray, that under rigorous cross-examination, had to admit that the leader and organizer of the criminal conspiracy was Claude Sayers a/k/a "Subby".

10. A specific incident that confirmed this fact was the testimony that as soon as the contraband was seized on March 15th, 1998 Eaton Evans, a manager/supervisor of the organization was sent from Jamaica to Miami where he searched Quayle Richardson's home, threatened Keith Murray, and utilized Paul Howell to gain access to secure areas in the airport to look for the contraband.

11. It was, in fact, Eaton Evans who advised after he could not recover the contraband that he had to report back to Claude Sayers a/k/a "Subby". The trial testimony of both Keith Murray and Roy Brathwaite was that they traveled to New York in December and met with Clauder Sayers and Eaton Evans to discuss this smuggling venture. Although there was testimony that they did see the Defendant, MARC NUÑES, at a party in New York, there was no testimony that they discussed this smuggling venture with him.

12. Further, and in opposition to the prosecutor's statement that the Defendant, MARC NUÑES, recruited Keith Murray, it was clear from the testimony of Keith Murray that he met Eaton Evans at a soccer game where he was introduced to MARC NUÑES. Keith Murray on cross-examination admitted that he knew both, Clauder Sayers and Eaton Evans as they were all students and ran track for the same high school. This meeting with Eaton Evans combined with the discussions in New

STEPHEN J. GOLEMBE, P. A. ATTORNEY AT LAW
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FLORIDA 33133 • TELEPHONE (305) 858-0404

York in late December totally disproves any statement that MARC NUÑES recruited Keith Murray.

13. The prosecutor's statement further suggests that, not only did MARC NUÑES recruit Keith Murray but it was for the purpose of assisting the drug courier Roy Brathwaite. As if to suggest MARC NUÑES knew Roy Brathwaite prior to the time he was introduced to Keith Murray.

14. Keith Murray was recruited for the purposes of maintaining control and supervising the smuggling venture in the United States. The testimony was clear that Keith Murray and Roy Brathwaite were employed at the same place. It was Keith Murray that recruited and solicited the assistance of Roy Brathwaite to travel with the bags from Jamaica to the United States. The testimony on cross examination disclosed that Brathwaite traveled to Jamaica in December to meet with Clauder Sayers and Eaton Evans to determine if he was a suitable candidate to travel as a front with the luggage from Jamaica to Miami.

15. Keith Murray solicited and recruited Quayle Richardson, who was a baggage handler and worked at Fort Lauderdale International Airport. The Pre-Sentence Investigation Report indicates that MARC NUÑES obtained Quayle Richardson's telephone number from someone else and requested that Keith Murray contact him for the purposes of becoming involved in this conspiracy. Additionally, Keith Murray was the person who found and recruited Paul Howell to assist him in being able to enter areas of the airport that were considered private and secure. Keith Murray also purchased all the airline tickets used by Roy Brathwaite to fly to Jamaica and arranged a meeting between Roy Brathwaite and Quayle Richardson to show

them the piece of luggage that was going to be sent to Jamaica and then returned to Miami. Although there was conflicting testimony as to whether MARC NUÑES was in the United States, waiting outside the Fort Lauderdale Airport when the bag piece luggage arrived in February or whether he was somewhere within the airport is contradictory. It is clear that the person that actually picked up the bag was Keith Murray and he also paid Quayle Richardson for his part in this illegal activity. To say that MARC NUÑES explained or controlled this smuggling venture is absurd and is not supported by the testimony.

16. The Pre-Sentence Investigation Report is clear and the Pre-Sentence Investigation Officer who had the benefit of all government reports and information concerning the trial testimony is clearly on point when he indicates that the organization was organized and managed from Jamaica by persons other than MARC NUÑES. This was clear from the testimony.

17. MARC NUÑES was in no more or less of an employment position than Keith Murray. MARC NUÑES sent $500.00 to Keith Murray on three occasions. One occasion was in December wherein there was no alleged smuggling venture. One was in March which allegedly was for the purchase of Roy Brathwaite's ticket and the third was in May of 1998 clearly after the termination of this conspiracy. One fact is clear from the testimony of Roy Brathwaite, that is that Keith Murray actually went to Gino's travel agency and purchased each and every ticket for travel.

18. Although the testimony was that MARC NUÑES provided the money that paid Roy Brathwaite and purchased the luggage which ultimately was sent to Jamaica

for the contraband to be sent. It was Keith Murray who showed the luggage to Quayle Richardson and Roy Brathwaite and Keith Murray paid Quayle Richardson.

19. The Pre-Sentence Investigation Officer did take into consideration that MARC NUÑES provided the funds for the tickets, that he purchased the bags, provided the money to Keith Murray to pay Quayle Richardson and did act as a courier and accompanied Claude Sayers and Eaton Evans in picking up Roy Brathwaite from the airport and later driving him there after their meetings and he was provided with the drugs.

20. The prosecutor indicates that these events exemplify the behavior of a manager or supervisor.

21. The Defendant, MARC NUÑES, disagrees. These were actions performed by a paid employee who was asked to do menial acts in furtherance of the conspiracy. Such acts were sending $500.00 to purchase tickets, but not purchase them himself; purchasing a bag which the drugs would be carried, but not showing them or packaging that bag in Jamaica; handing off currency that was given to him for Keith Murray to pay another conspirator.

22. None of these matters can be said and described as decision making but in fact were the result of carrying out orders of another.

23. Even if the government's view of the defendant's participation in this criminal episode is one of the exemplifies managerial behavior, it is no less consistent with the probation officer and the defendant's view that MARC NUÑES does not play any more of a significant role than his Co-Conspirator Keith Murray.

24. If Keith Murray is not considered a person with decision making ability how can MARC NUÑES be when his participation was to a lesser extent and in some cases his behavior less important.

25. This Court ordered a Pre-Sentence Investigation Report. The Pre-Sentence Investigation Officer investigated and combined the offense conduct from the review of a number of other pre-sentence investigations as well as indication from the prosecution and a number of the government's reports. It is clear from that offense conduct and the analysis of the Pre-Sentence Investigation Officer, taking into consideration the roles played by the other co-conspirators where MARC NUÑES is.

## Objection No. 2 - Adjustment for Obstruction of Justice

26. The prosecutor alleges that the Defendant, MARC NUÑES, offered to pay government witness, Roy Brathwaite. $40,000.00 to change his trial testimony. MARC NUÑES denies these allegations and further states that it was Roy Brathwaite that approached MARC NUÑES and told him that if he paid him $40,000.00 he would change his trial testimony. The Defendant, MARC NUÑES, looks forward to cross-examining any witness who would support these allegations.

27. MARC NUÑES denies any allegations of any threat to harm government witness Paul Howell, Quayle Richardson, Keith Murray and his wife. The defense challenges any witness or evidence that the government indicates they can introduce to substantiate this obstruction of justice.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

forwarded to Assistant United States Attorney Roger Powell, 500 East Broward

Boulevard, Seventh Floor, Fort Lauderdale, Florida 33394 and United States

Probation Officer Dennis Woolfolk, 300 Northeast 1st Avenue, Room 315, Miami,

Florida 33132 on this 25th day of August, 2000.

Respectfully submitted,

STEPHEN J. GOLEMBE, ESQUIRE
Terremark Centre - Suite 1400
2601 South Bayshore Drive
Coconut Grove, Florida 33133
(305) 858-0404

STEPHEN J. GOLEMBE, ESQUIRE