FILED by _____ D.C.

AUG 2 5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

Case No. 00-6023-CR-DIMITROULEAS

MARC H. NUNES

_____ Defendant.

## DEFENDANT'S POSITION REGARDING SENTENCING
## AND SENTENCING MEMORANDUM

COMES NOW the Defendant, Marc Nunes, through his undersigned counsel, PATRICIA JEAN KYLE, ESQ., STEPHEN GOLEMBE, ESQ., and J.C. ELSO and respectfully files the instant Defendant's Position Regarding Sentencing and Sentencing Memorandum in support of the separately filed Defendant's Objections and Response to Government's Objections to the Presentence Report.

Following his conviction and, in order to be able to obtain due process at sentencing, Marc Nunes files his response to the Government's Objections to certain portions of his PSI pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, i.e., the Government contends that Mr. Nunes should be given upward departures for role enhancement and for obstruction of justice, contrary to the conclusions of the Probation Officer as set forth in the PSI.. Specifically, Rule 32(c)(3)(D) requires the correction of erroneous information in a federal offender's PSI. The Defendant believes there are no errors in the PSI which require change.

1



"The sole interest of the defendant in sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information." United States v. Lopez, 898 F.2d 1505, 1512 (11th Cir. 1990). The United States Supreme Court has made clear that there is a due process right to be sentenced on the basis of accurate information. United States v. Tucker, 404 US 443 (1972); Accord, United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990). "Due process in sentencing demands, of course, that the [information] considered by a court in any given case be supported by an evidentiary basis beyond mere allegation in an indictment." United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990).

To protect this due process right, when an item contained in the PSI is disputed for sentencing, either by the Government or by the Defendant, a district court is required to either make a finding resolving the controversy or state for the record that the controverted fact would not be considered in the imposition of the sentence. Fed. R.Crim.P. Rule 32(c)(3)(d) Once specific objections to the PSI are made, these findings are required, and failure to do so will result in a remand for resentencing. United States v. Aleman, 832 F.2d 142, 145 (11th Cir. 1987).

**MARC NUNES SHOULD NOT BE GIVEN AN INCREASE
IN HIS OFFENSE LEVEL FOR HIS ROLE IN THE OFFENSE OR
FOR OBSTRUCTION OF JUSTICE**

The Government has objected to the PSI and has requested an increase in the Defendant's offense level for allegedly playing a leadership role in the offense and for obstruction of justice.

When determining the appropriate sentence level, the court can enhance a defendant's offense level

based on his role in the offense. The Sentencing Guidelines provide:

    (a)    If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

    (b)    If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by three levels.

    ©    If the defendant was an organizer, leader, manager, or organizer in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. §3B1.1.


Effective November 1, 1993, the Commentary to §3B1.1 captioned "Application Notes" was

amended by adding a new Commentary Note 2, which provides:

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

U.S.S.G. §3B1.1, comment. (n. 2). The "Historical Notes" of the 1993 Amendment further declares

that the amendment was inserted to clarify the operation of the section to require a **finding of the**

**degree of control over other persons** before §3B1.1 can apply.


Marc Nunes submits that such enhancements clearly are unwarranted and have no basis in fact as set

forth, supra, herein. Further, this Court can and should rely on the Probation Officer's findings in

3

what has been a very thorough and carefully considered PSI that does not recommend any enhancements under § 3B1.1.

To enhance, the Court must make explicit factual findings that Marc Nunes exercised the necessary degree of control over other culpable participants and obstructed justice. In United States v. Foree, 43 F.3d 1572 (11th Cir. 1995), the defendant challenged a two-point enhancement imposed under §3B1.1© on the grounds that the district court failed to make explicit factual findings to support the enhancement. Id. at 1583. Alternatively, the defendant argued that the sentencing court's implicit adoption of the factual description in the PSI resulted in a plainly erroneous factual finding. Id. Because the defendant's sentence had been remanded on other grounds, the Court did not resolve the factual dispute with respect the defendant's role, but instructed that "on remand, the district court should make explicit factual findings if it chooses to reimpose a managerial role." Id.

In United States v. Lozano-Hernandez, 89 F.3d 785 (11th Cir. 1996), the Eleventh Circuit held that the district court erred in enhancing the defendant's sentence two levels for his role in the offense where there was no evidence to show that the defendant supervised or controlled anybody or that he exercised management responsibility over the property, assets, or activities of the criminal organization. Id. at 790. At best, the evidence established that he was a buyer of 10 kilograms of cocaine and that he intended to sell the other 10 kilograms of cocaine. Id. Therefore, the district court clearly erred in enhancing the defendant's sentence under §3B1.1(c).

4

Other circuit courts have made similar findings. In <u>United States v. Amato</u>, 46 F.3d 1255 (2nd Cir. 1995), a defendant challenged the sufficiency of the court's finding that the defendant was an organizer or leader where the court "stated that it made the adjustment based upon the totality of the evidence and testimony offered at trial." <u>Id.</u> at 1262. The Second Circuit found that the district court's findings were insufficient to support its decision to enhance the sentence and remanded the case so that the court could make specific factual findings as to the defendant's role. <u>Id.</u> at 1263.

In <u>United States v. Vargas</u>, the defendant's sentence was increased pursuant to U.S.S.G. § 3B1.1 for his role as a manager or supervisor of an otherwise extensive narcotics conspiracy. The district court concluded that the defendant was the source of the narcotics supply, made managerial decisions on whether cocaine would be fronted, had authority to reduce the price and had access to the storage facilities. <u>Vargas</u>, 16 F.3d 155, 160 (7th Cir. 1994). However, the Seventh Circuit concluded that the court's findings were not enough to support this two level increase as "[s]upplying drugs and negotiating the terms of their sale do not by themselves justify a §3B1.1[] increase." <u>Id.</u> Specifically, the Court found that the defendant's "ability to supply cocaine (including his access to a storage facility), to sell it on credit, and to negotiate its price, did not put him in the role of manager or supervisor. <u>Id.</u> The Court noted that a §3B1.1 increase is appropriate where the defendant's actions indicate that he had greater responsibility for the drug operation than others involved. <u>Id.</u>

In <u>United States v. Mankiewicz</u>, 122 F.3d 399 (7th Cir. 1997), the Seventh Circuit rejected the district court's determination that the defendant was a leader or organizer of the conspiracy. The co-defendant was found to have been the leader of the conspiracy. <u>Id.</u> Although the defendant recruited

5

his father to help him, his instructions were limited to showing him where the bales of marijuana should be stacked and asking his father to go with the informant to a hotel where the informant would deal with the co-conspirator. The relationship that existed in Mankiewicz was not the sort of "real and direct influence, aimed at furthering the criminal activity" for which the enhancement was intended. Id.

In the present case, the trial transcript and the PSI correctly reveal that Marc Nunes was not a leader, manager or organizer nor did he obstruct justice. Enhancements based on mere conclusory statements made by the Government that Marc Nunes engaged in leadership activities and obstructed justice are not sufficient to increase his role in light of the facts contained in the trial transcript. Further, the facts set forth by the Government do not show the necessary degree of control over other culpable participants for § 3B1.1 to apply. As discussed above, absent a showing of control, Marc Nunes should not receive a leadership enhancement. Accordingly, unless the Government can present reliable information to show, by a preponderance of the evidence, that Marc Nunes exhibited such control over others, no enhancements should be given to the Defendant.

## CONCLUSION

Marc Nunes is a citizen of Jamaica although some family members and/or children are citizens and/or residents of the United States. Marc Nunes is eligible for deportation proceedings back to Jamaica and, in fact, would participate voluntarily in any prisoner exchange program between the United

States and Jamaica. Marc Nunes has never suffered from any mental instability or alcohol/drug abuse

problem.

STEPHEN J. GOLEMBE, ESQ.
2601 S. Bayshore Drive, Suite 1400
Coconut Grove, Florida 33133
Tel: (305) 858-0404
FAX: (305) 858-3100

J.C. ELSO, ESQ.
3780 W. Flagler Street
Miami, Florida 33134

Respectfully submitted,

PATRICIA JEAN KYLE, ESQ.
216 South Grand Avenue
Bozeman, Montana 59715
Tel: (406) 582-2040 or 582-7374
FAX: (406) 582-2041

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed by United States mail this 23rd

Day of August, 2000 to AUSA Roger Powell, Office of the United States Attorney, 500 E. Broward

Boulevard, Suite 700, Fort Lauderdale, Florida 33394 and to David M. Woolfolk, United States

Probation Officer, 300 N.E. 1st Avenue, #315, Miami, Florida 33132-2126.

PATRICIA JEAN KYLE, ESQ.

7