UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 00-6023-CR-WJD**

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff,                     ) MOTION FOR NEW TRIAL
                                    ) BASED ON NEWLY
vs.                                 ) DISCOVERED <u>EVIDENCE</u>
                                    )
MARC H. NUNES,                      )
                                    )
    Defendant.                     )
_____)



**NIGHT BOX FILED**

AUG 3 0 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

The Defendant, MARC H. NUNES, by and through undersigned counsel, moves this Honorable Court pursuant to F.R.Cr.P. 33 to grant him a new trial based on newly discovered evidence, and in support thereof, would state:

1. After the conclusion of the trial in this matter and in preparation for the sentencing phase, the defense discovered new evidence material to this case.

2. Although the grounds for this motion are predicated on some facts uncovered during the trial in this cause, the majority of the evidence is newly discovered.

3. The grounds for this motion are:

    a. During the trial in this cause, the defense discovered that the government's witnesses had engaged in conversations while in the holding cell about the questions posed to them during their examination, and further discussed what they should testify to upon questioning.

    b. That this Honorable Court allowed the defense to call witnesses to corroborate the fact that the government witnesses had engaged in inappropriate discussions about their intended testimony, however, those witnesses who were themselves defendants in an ongoing trial before the Honorable Judge Ferguson, upon advice of counsel, invoked their Fifth Amendment privilege at that time.

    c. Specifically, those witnesses, Connor Claxton, Anthony Smith and Mr. Mueller, are prepared to testify that they overheard the government's witnesses concocting their stories in an attempt to testify falsely, yet consistent with one another.

    d. Additionally, the defense has recently discovered that the government's key witness, Keith Murray from an unknown date, but at least as early as January 2000 to the present date at Dade and Broward County, in the Southern District of Florida has knowingly and willfully attempted to combine, conspire, confederate and agree with federal inmates Zimmerman Beharry, Keith Sterling, Roy Brathwaite, Paul Howell and with other cooperating government informants and others unknown to commit offenses against the United States, that is 1) to suborn and procure these above referenced individuals to commit perjury by testifying falsely under oath to a material matter, in violation of Title 18, U.S.C. §1622; 2) to corruptly endeavor to influence, obstruct and impede the due administration of justice in a case entitled *United States v. Marc H. Nunes*, Case Number 00-6023-Cr-Dimitrouleas, in the United States District Court for the Southern District of Florida; in violation of Title 18 U.S.C. §1503; and 3) to make

2

and cause to be made material false statements and representations to federal law enforcement authorities, in violation of Title 18, U.S.C. §1001.

   e. Keith Murray arranged to provide information to the above listed individuals that would permit those individuals to "jump on the bus" and falsely testify that they had conspired with, and assisted, Marc Nunes to violate the federal narcotics laws.

   f. Although the government only called two individuals who were involved in this conspiracy to obstruct justice, the defense has newly discovered evidence as to the falsity of their assertions and as to the actual truth of the matters alleged.

  4. Additionally, during the trial, the government alleged that the defendant sent three wire transfers to co-conspirator, Keith Murray. These wire transfers were crucial to the government's case insofar as they were physical evidence of the defendant's involvement in the drug conspiracy alleged, it proved that he paid for Brathwaite's travel to Jamaica to pick up the drugs and *falsely* substantiated Murray's and Brathwaite's assertions that Nunes was a co-conspirator.

  5. On July 20, 2000 the defense interviewed Marc Presley Johnson in Kingston, Jamaica with respect to information material to this cause that he had never disclosed.[1]

---

[1] Marc Johnson's name was first disclosed to the defense by the government in reports of investigation in this matter. Specifically, the government alleged, based on interviews with Keith Murray, that Marc Johnson was an alias used by Marc Nunes. It is apparent that Murray was aware of the existence of Marc Johnson, and knew that Johnson and Nunes are not one in the same.

3

UNITED STATES v.　　　　　　　　　　　　　　CASE NO. 00-6023-CR-DIMITROULEAS
MARC NUNES
MOTION FOR NEW TRIAL BASED ON
NEWLY DISCOVERED EVIDENCE

6. Marc Presley Johnson testified on July 20, 2000 that he had authored, filled out and forwarded three Western Union Wire Transfers in December 1997, March 1998 and May 1998 and sent them to Keith Murray.

7. Johnson further testified that he filled out Marc Nunes' name as the sender of the wire transfers, and signed his name on the forms. Johnson indicated that he forwarded the wire transfers per the instructions of "Subby".

8. Despite obtaining Marc Presley Johnson's sworn videotaped/audiotaped statement, the defense in an abundance of caution, obtained handwriting exemplars from Mr. Johnson in order to verify his testimony.

9. The handwriting exemplars of Marc Presley Johnson, together with the three questioned wire transfers were submitted to Linda J. Hart, Forensic Document Examiner, at Hart Questioned Document Laboratory, Inc. for examination on August 21, 2000. Additionally, handwriting exemplars of Marc Nunes were submitted to Ms. Hart on August 23, 2000.

10. Based on an examination and comparison of the questioned documents with the exemplars provided, forensic document examiner Linda J. Hart concluded that Marc Johnson was the writer of the questioned notations and author of the "M. Nunes" signature on items Q1, Q2, and Q3 (the wire transfer forms). Similarly, Marc Nunes was eliminated as the writer of the questioned notations and author of the "M. Nunes" signature.

11. The testimony of Marc Presley Johnson is material, exculpatory and should be deemed admissible.

12. Based on this newly discovered evidence, the Defendant submits this motion for new trial.

**MEMORANDUM OF LAW IN SUPPORT OF NUNES' MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

A motion for new trial based on newly discovered evidence must be granted where the Defendant movant satisfies the following five part test: (1) the evidence was not discovered until after trial; (2) the movant exercised due diligence to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material to issues before the court, and (5) the evidence was of such nature that a new trial would probably produce a new result. *United States v. Reed*, 887 F.2d 1398 (11th Cir. 1989) *cert. denied*, 110 S.Ct. 1136.

In the instant case, the Defendant has satisfied each part of the five part test. First, the exculpatory evidence testified to by MARC PRESLEY JOHNSON was not discovered until after the conclusion of the trial in this matter. Furthermore, the information recently obtained from Mr. Johnson was not otherwise obtainable by the Defendant, therefore, the Defendant could not have and did not discover the exculpatory information until Marc Presley Johnson agreed to make this disclosure, post trial.

Second, the Defendant exercised due diligence to discover the information by hiring investigators to thoroughly investigate the facts of this case and prove his

innocence and by filing numerous discovery motions, which were granted within the scope of the Standing Discovery Order.

In the instant case, the newly discovered evidence creates a reasonable probability that the jury would not have convicted the Defendant. The evidence directly establishes and substantiates the Defendant's argument that he was not the author or sender of the wire transfers to Keith Murray, and thus not a co-conspirator. Although the defendant attempted to rebut the government's assertions by calling witnesses on his behalf, no witness testified, nor could have testified to the information recently revealed by Marc Presley Johnson. This newly discovered evidence would have further established Keith Murray's conspiracy to obstruct justice and would have confirmed that he and Roy Brathwaite perjured themselves and obstructed justice when they testified at trial, that Marc Nunes sent the wire transfers.

Evidence of this magnitude establishes a reasonable probability that, had the evidence been known to the defense prior to or during trial, the Defendant would not have been convicted. See also, *United States v. Ramos*, 179 F.3d 1333 (11th Cir. 1999).

The newly discovered evidence contradicts the strongest and most hotly contested circumstantial evidence the Government presented to infer that the

Defendant was involved and had knowledge of the importation scheme: the three Western Union Money Transfer forms.

This newly discovered evidence is not merely cumulative or impeaching. The exculpatory information provided by Mr. Johnson strikes at the heart of the Government's case that the Defendant was the source and sender of the drug trafficking funds used by Murray to pay for Brathwaite's travel to Jamaica to return with the cocaine. Therefore, in accordance with the Eleventh Circuit's standard in *Reed*, a new trial would probably produce a different result. Therefore, a new trial must be granted.

Undersigned counsel hereby certifies that he has contacted Roger Powell, Assistant United States Attorney, and after discussing this matter with him, he objects to the relief requested herein.

WHEREFORE, the Defendant requests that this Honorable Court grant him a new trial based on newly discovered evidence.

                                          Respectfully Submitted,

                                          _____
                                          J. C. Elso, Esq.
                                          FBN: 689432
                                          3780 W. Flagler Street
                                          Miami, Florida 33134
                                          (305) 446-3377

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of August, 2000 to Roger Powell, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, Florida 33394; Patricia Jean Kyle, Esq., 216 South Grand Avenue, Bozeman, Montana 59715 and Stephen J. Golembe, Esq., 2601 Bayshore Drive, Suite 1400, Coconut Grove, Florida 33133.

J. C. Elso, Esq.