FILING FEE
PAID 520819-$1050
In Forma Pauperis _____
Clarence Maddox, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARC NUNES,

    Defendant.
_____/

CASE NO. 00-6023-CR-DIMITROULEAS

## *PRO SE* NOTICE OF APPEAL

NOTICE is hereby given that the Defendant, Marc Nunes, takes and enters his appeal to the United States Court of Appeals for the 11th Circuit to review the Order denying Motion for New Trial Based on Newly Discovered Evidence, and the Judgment of Conviction and Sentence rendered by the Honorable Judge William P. Dimitrouleas, United States District Court, Southern District of Florida, on October 17, 2000.

All parties to said cause are called upon to take notice of the entry of this appeal.

DATED this 27th day of October, 2000.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was delivered this 27 day of October, 2000 to: United States Attorney's Office, 500 E. Broward Boulevard, Fort Lauderdale, FL 33301.

Respectfully submitted,

MARC NUNES, #60262-004
Federal Detention Center
99 N.E. 4th Street
Miami, Florida 33132

By:_____
MARC NUNES, *Pro Se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,            CASE NO. 00-6023-CR-DIMITROULEAS

  Plaintiff,

vs.

MARC NUNES,

  Defendant.
_____/

FILED by _____ D.C.
OCT 17 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant's August 30, 2000 Motion For New Trial Based on Newly Discovered Evidence [DE-129] and the Court having received testimony from Isaac Rodriguez, Connor Claxton, Anthony Smith, Jefferson Gordon, Michael Buffey, Avril Patrick Murray, Quayle Richardson, Roy Braithwaite, Keith Murray, Oliver Morrison, Paul Howell and Winston Anthony Smith at an evidentiary hearing held on September 1 and 6, 2000 and October 13, 2000, having reviewed a videotape and audiotape of Marc Johnson, having reviewed exhibits, having determined credibility of witness, and having heard arguments of counsel, finds as follows:

1. On January 27, 2000 Marc Nunes was indicted and charged with I: Conspiracy To Import Cocaine; II: Attempted Importation of Cocaine; III: Attempted Importation of Marijuana; IV: Attempt to Possess Cocaine with Intent to Distribute, and V: Attempt to Possess Marijuana with Intent to Distribute It. Nunes was arrested on January 30, 2000. [DE-16].

2. On March 24, 2000, a defense motion to continue trial was granted. [DE-62].

3. On May 3, 2000, the Court granted defense requests for writs of Habeas Corpus ad

testificandum for: Dwayne Campbell, Napoleon Raglund, Howard Hall, Jefferson Gordon, Zimmerman Beharry, Steve Reins, Damien Oliver and Andrew Brown [DE-64].

4. Jury trial commenced on May 22, 2000. Additionally, the Defendant called two witnesses, Celia Hibbert and Andrew Miller, and introduced over thirty (30) exhibits [DE-89]. The Defendant attempted to call Connor Claxton to testify about conversations of government witnesses that he allegedly overheard in the holding cell. However, Claxton invoked the Fifth Amendment. Thereafter, defense counsel decided to go forward without calling Claxton and without delaying the proceedings. The Defendant agreed with this strategy of resting his case and not calling Claxton or any another witness to the alleged rule violation. On May 31, 2000 the Defendant was found guilty on all five (5) counts. [DE-91]. Sentencing was set for August 11, 2000.

5. On July 20, 2000, the Court granted a motion to weigh drug evidence [DE-99].

6. On August 3, 2000, the Court granted Defendant's Motion to Continue Sentencing. [DE-103].

7. On August 4, 2000, sentencing was again reset at defendant's request. [DE-105].

8. On August 30, 2000, Defendant filed a Motion For New Trial based on newly discovered evidence [DE-129]:

    A. Violation of the Rule of Witness Sequestration.

    B. Keith Murray conspired to commit perjury.

    C. False testimony by accomplices at trial.

    D. Marc Johnson sent the wire transfers from Jamaica, as corroborated by a handwriting expert.

9. On September 6, 2000, the Defendant was sentenced to 235 months in prison. The

Court deferred formal entry of the sentence pending the decision on the motion for new trial.

10. Time limits on a motion for new trial are jurisdictional. U.S. v. Lussier, 219 F. 3d 217 (2d Cir. 2000); U.S. v. Flynn, 196 F. 3d 927, 932 (8th Cir. 1999); U.S. v. Hill, 177 F. 3d 1251, 1252 (11th Cir. 1999). After the passage of seven (7) days from the verdict, the Court may only consider grounds based upon newly discovered evidence. The Court does not have the inherent power to extend the seven (7) day period after it has elapsed. U.S. v. Hall, 214 F. 3d 175 (D.C. Cir. 2000).

11. A defendant may be entitled to a new trial based upon newly discovered evidence only if he shows that:

    A.    The evidence was discovered after trial.

    B.    The failure to discover the evidence was not caused by the Defendant's lack of diligence.

    C.    The new evidence is not merely impeaching or cumulative.

    D.    The new evidence is material to the principal issues involved.

    E.    The new evidence would probably produce an acquittal in a new trial.

U.S. v. Pearson, 203 F. 3d 1243, 1274 (10th Cir. 2000); U.S. v. Womack, 191 F. 3d 879, 886 (8th Cir. 1999); U.S. v. Gloster, 185 F. 3d 910, 914 (D.C. Cir. 1999).

12. Where counsel is aware of the existence of testimony and strategically decides not to utilize it, a motion for new trial is not appropriate. U.S. v. Turns, 198 F. 3d 584, 588 (6th Cir. 2000). Here, defense counsel decided not to elicit during the trial the testimony of a violation of the rule of witness sequestration. U.S. v. Levy-Cordero, 67 F. 3d 1002, 1019 (1st Cir. 1995); U.S. v. Joelam, 7 F. 3d 174, 179 (9th Cir. 1993). The rule violation testimony was known to the defense when Claxton took the Fifth Amendment at trial. U.S. v. Glover, 21 F. 3d 133 (6th Cir. 1994). Moreover, witness Braithwaite testified before Murray in the trial; therefore a rule

violation would not have affected Braithwaite's testimony. The Court would not have excluded any testimony in this case. U.S. v. Posada-Rios, 158 F. 3d 832, 871-872 (5th Cir. 1998).

13. Where a Defendant is aware of information before a trial, it can not be the basis for a new trial. U.S. v. Quintanilla, 193 F. 3d 1139, 1147 (10th Cir. 1999). The Defendant could have and did contact Marc Johnson before trial. U.S. v. Moore, 221 F. 3d 1056, 1058 (8th Cir. 2000). Moreover, Johnson's testimony would not have had an effect on the outcome. U.S. v. Sarno, 73 F. 3d 1470, 1507 (9th Cir. 1995). Johnson's testimony was not credible. He testified that Subby asked him to wire money to Keith Murray and sign the transfers with the name: Marc Nunes. Johnson said he was threatened by Subby with death in February, 2000 if he mentioned names. Johnson said Subby again threatened him at a stoplight. Johnson met with Stephen Golembe, who is one of Nunes' defense counsel, and a private investigator, in May, 2000, before the trial in this case, but he did not mention this allegedly favorable testimony. Johnson testified that he was in fear so he fled Jamaica to England on May 17, 2000. Yet, on July 20, 2000, a short time after his return to Jamaica, Johnson gave this unsworn testimony to Mr. Elso and the private investigator, and without hesitation, gave his home addresses in Jamaica and London. His implausible reason for now cooperating was his conscious got to him. Finally, Johnson never gave a believable explanation as to why he forged a friend's (Nunes) signature on wire transfers at the request of another friend (Subby). Moreover, Johnson said that when he couldn't contact Subby, he would contact Nunes, but he would not tell Nunes that he was forging his signature. In conclusion, the prosecutor would have been able to argue that Nunes sent the wire transfers or had someone else do it. In either situation, the outcome of the case would have been the same, assuming that Johnson would come to the United States to testify. Finally, the handwriting expert testimony would have been cumulative.

14. Motions for a new trial based upon newly discovered evidence are disfavored. U.S. v. Gonzalez, 163 F. 3d 255, 264 (5th Cir. 1998).

15. In order for claimed perjury, which was known or should have been known by the Government, to serve as the basis for a new trial, the Defendant must show that:

    A. The testimony given by a material witness was false.

    B. Without the testimony, the jury might have reached a different conclusion.

    C. The Defendant was taken by surprise at the time the false testimony was offered and did not know it was false until after the trial's conclusion.

U.S. v. Pigee, 197 F. 3d 879, 888 (7th Cir. 1999); U.S. v. Gallego, 191 F. 3d 156, 162 (2d Cir. 1999). There is no reason to conclude that perjured testimony was used at the trial. U.S. v. Peterson, 223 F. 3d 756, 763 (8th Cir. 2000).

16. Bad acts of Keith Murray occurring after the trial of this case, although relevant to Murray's credibility, are not the basis for a new trial. Such impeaching testimony would also not be the basis for a new trial. Defense counsel argued during the trial that Keith Murray was setting up the Defendant to facilitate a lower sentence. This additional evidence of perjurious testimony would be cumulative evidence and not the basis for a new trial.

17. Any evidence that accomplices, who testified at the trial, have now recanted their trial testimony to third parties would not have caused the jury to reach a different result.

18. The newly discovered impeaching evidence mostly concerns Mr. Murray, and it comes from incarcerated defendants who are sentenced to or facing long sentences with little prospects of release or individuals who now claim the Fifth Amendment. Any such impeachment of Mr. Murray would not have changed the fact that Braithwaite and Richardson both identified Nunes before Murray's arrest. This Court does not consider it to be plausible that

Keith Murray conspired to frame Mr. Nunes as insurance in case Murray were to be later arrested.

19. Nunes and Marc Johnson are not similar in appearances.

20. Telephone records and passport records independently corroborate the accomplice testimony.

21. Paul Howell did not testify in the Defendant's trial. U.S. v. Pointer, 17 F. 3d 1070 (7th Cir. 1994).

22. This newly discovered evidence would not have resulted in an acquittal.

Wherefore, Defendant's Motion for New Trial is DENIED.

The Clerk shall enter the sentence in this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 17 day of October, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Roger Powell, AUSA

J.C. Elso, Esquire
3780 W. Flagler Street
Coral Gables, FL 33134-1602

William Tunkey, Esquire
2250 S.W. Third Avenue, 4th Floor
Miami, FL 33129-2066