UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,     CASE NO.: 00-6023-Cr-Dimitrouleas

    Plaintiff,

    vs.

MARC H. NUÑES,

    Defendant.
_____/

## MOTION TO WITHDRAW AND CONDUCT EVIDENTIARY HEARING

Undersigned Counsel petitions this Court to permit him to withdraw from any further representation of Marc Nunes, more specifically the appeal in this matter and would allege as follows:

1. On or about March 2, 2000 undersigned counsel was retained to represent Marc Nunes as co-counsel with Patricia Jean Kyle.

2. On or about April 2000 Marc Nunes retained Juan C. Elso, Esquire as additional co-counsel and at a later date retained the services of William Tunkey.

Page 1 of 4

3. Patricia Jean Kyle and undersigned counsel were considered lead counsel and as such primarily responsible for the preparation of and trial of this case. Undersigned counsel spent numerous hours reviewing near a thousand pages of discovery, both individually, and with his client, Marc Nunes. Counsel made at least fifty or more visits to FDC, either alone or accompanied by Private Investigator Isaac Rodriguez. The average time expended for each visit was no less than two hours. Counsel spent numerous hours on the telephone and in his office with Private Investigator Isaac Rodriguez discussing strategies, interviews with potential witnesses, preparing subpoenas and discussing means and methods of future investigations.

4. Counsel traveled to Jamaica and spent three days "hunting down" records and witnesses. Records were obtained from various governmental and non-governmental agencies and statements of at least a half dozen witnesses were taken.

5. Counsel met with Assistant United States Attorney Roger Powell and the lead agents in this case on no less than two and possibly three occasions to discuss and review the original discovery materials and conducting negotiations concerning possible resolutions of the case.

6. Counsel spent numerous hours on the telephone with Co-Counsel Patricia Jean Kyle, Assistant United States Attorney Roger Powell, Private Investigator Isaac Rodriguez, Defense Counsel Juan C. Elso and Marc Nunes.

7. Beginning three weeks prior to the trial, up to the beginning of the trial counsel spent in excess of 75 hours preparation. A number of those hours were

working with and conferring with co-counsel and Private Investigator Isaac Rodriguez. The entire two weekends, before the trial, were spent preparing.

8. The trial began on May 22nd, 2000 and ended May 31st, 2000, which were ten to twelve hour days consisting of daily preparation and court time. An additional twenty or so hours were spent researching and preparing guideline objections and arguing at the sentencing.

9. During the sentencing and motion for new trial process Marc Nunes hired additional counsel, William Tunkey, and undersigned counsel was relieved of his position as lead counsel, other than several hours with William Tunkey and was not involved or present for the final outcome of the motion for new trial. Counsel had very little communication with Marc Nunes thereafter.

10. Counsel has expended at least 200 to 250 hours in the representation of Marc Nunes up until his sentencing hearing. Undersigned counsel would be glad to produce to the in-camera and *ex parte* a record of fees received from or on behalf of Marc Nunes. Counsel assures the court that there is no portion of his fees which are unearned and the initial representation did not include representing Mr. Nunes through a lengthy and complicated appellate process.

11. Undersigned counsel has received correspondence from the Eleventh Circuit Court of Appeals providing scheduling regarding Mr. Nunes' *pro se* Notice of Appeal.

12. A hearing at which all of Mr. Nunes' counsel are noticed to be present (and at which they would be prepared to present relevant information such as that

Page 3 of 4

STEPHEN J. GOLEMBE, P.A. ATTORNEY AT LAW
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FLORIDA 33133 • TELEPHONE (305) 858-0404

proposed for presentation by undersigned counsel) should resolve the issue of responsibility (if any) of representation of Mr. Nunes in his *pro se* appeal.

**WHEREFORE**, counsel prays this court grant the relief sought herein and order the United States Marshal to transport Marc Nunes to Miami to be present at an evidentiary hearing.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was forwarded to Assistant United States Attorney Roger Powell, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301, Patricia Jean Kyle, Esquire 216 South Grand Avenue, Bozeman, Montana 59715, Juan C. Elso, Esquire 3780 West Flagler Street, Coral Gables, Florida 33134, Clerk of the Court, 11th Circuit oCourt of Appeals, 56 Forsyth Street, N.W. Atlanta, Georgia 30303, William R. Tunkey, 2250 Southwest 3rd Avenue, Fourth Floor, Miami, Florida 33129 and Marc Nunes, #60262-004, FCI Yazoo City, 2225 Haley Barbour Parkway, P.O. Box 5050, Yazoo City, Mississippi 39194 on this 27th day of December, 2000.

Respectfully submitted,

STEPHEN J. GOLEMBE, ESQUIRE
Terremark Centre - Suite 1400
2601 South Bayshore Drive
Coconut Grove, Florida 33133
(305) 858-0404

STEPHEN J. GOLEMBE, ESQUIRE
Florida Bar No.: 137225

STEPHEN J. GOLEMBE, P.A. ATTORNEY AT LAW
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FLORIDA 33133 • TELEPHONE (305) 858-0404