UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6023-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

MARC H. NUNES,
                Defendant.

## SUPPLEMENTAL SWORN MOTION TO PERMIT UNDERSIGNED COUNSEL TO WITHDRAW

COMES NOW PATRICIA JEAN KYLE, ESQ., being first duly sworn, co-counsel of record for purposes of trial only for the Defendant, MARC H. NUNES, and hereby requests that she be permitted to withdraw as counsel and that the Court permit her to withdraw from any further representation of the Defendant. In support of the Motion, undersigned counsel states as follows:

1. The Defendant retained undersigned co-counsel, with Stephen Golembe, Esq., for purposes of <u>trial and sentencing only</u>. Undersigned counsel was told she would receive a specific fee to represent the Defendant plus her costs and travel expenses.

2. As background, it was agreed that undersigned counsel would act, in part, as the "brain" whose agreed pre-trial assignment was to conduct extensive research and review of abundant

1



discovery, discuss that discovery with co-counsel in Miami who also was reviewing discovery and physically consulting with the Defendant regularly and to prepare any meritorious motions. Despite repeated requests for telephone communication with the Defendant and because the Defendant refused to discuss the case with undersigned counsel over the telephone, undersigned counsel was required to make more trips to Miami than planned originally.

Finally, after discovery largely had been reviewed, undersigned counsel and co-counsel Golembe met with each other, discussed the case, reviewed the discovery together and then met with the Defendant. Counsel provided the Defendant with their perception of the case and with their thoughts on the issues of trial versus plea. Undersigned counsel spoke with AUSA Roger Powell who made a very generous plea offer to the Defendant which the Defendant rejected.

Undersigned counsel spoke many times with the Defendant's stepmother regarding procedures in the Defendant's case. Undersigned counsel and co-counsel also spoke with other family members, specifically the Defendant's father, in a conversation that left undersigned counsel feeling threatened by statements that undersigned counsel and co-counsel were incompetent and were not acting in the best interests of the client because counsel wished to fully explore a plea possibility with the Defendant, and the Defendant's father adamantly opposed any plea.

Shortly before trial, undersigned counsel was advised that the Defendant had retained attorney J.C. Elso, Esq., to assist with trial preparation and trial. Undersigned counsel was anxious to cooperate with Mr. Elso. Within a few days before trial, undersigned counsel received a

2

telephone call from the Defendant's stepmother advising undersigned counsel that the Defendant no longer had confidence in undersigned counsel and that undersigned counsel's assistance would not be needed at trial. Because the date for trial was so close and there was insufficient time to advise the Court, in writing, that undersigned counsel had been fired as counsel, undersigned counsel came on to Florida, met with Mr. Golembe and was prepared to advise the Court, in person, that she was no longer representing the Defendant.

By the time undersigned counsel got to Florida, the Defendant had changed his mind and, with the understanding that undersigned counsel would be paid another portion of the agreed fee (undersigned counsel agreed to forego a large portion of the balance of the fee), undersigned counsel agreed to continue as co-counsel in a reduced role. It was made clear to undersigned counsel by the Defendant that both her role and her fee would be reduced to permit the retention of other counsel and the payment of other costs in the case. Undersigned counsel was reluctant to continue but agreed to do so at the behest of co-counsel and the Defendant.

Following trial and the Defendant's conviction, neither the Defendant nor any member of his family made any contact with undersigned counsel and, in fact, avoided contact from undersigned counsel. This lasted until the filing of the PreSentence Report when a member of the Defendant's family telephoned undersigned counsel and asked her to assist in the research into and preparation of Objections. Undersigned counsel was promised the 1/3 balance of the reduced fee (which never was received).. Only because undersigned counsel had entered an appearance for as "trial" counsel (which, from undersigned counsel's perspective, contemplated

3

all matters before this Court, including sentencing), undersigned counsel agreed to assist. With assistance from co-counsel Stephen Golembe, undersigned counsel prepared a seven page memorandum of Objections. Undersigned counsel heard nothing further from the Defendant until she received a memorandum relating to a Motion for a New Trial from newly retained post-trial attorneys Robbins, Tunkey and Ross.

Undersigned counsel recognizes that the Court is loathe to become involved in fee disputes and that fee disputes are not grounds for withdrawal by counsel. Undersigned counsel does not desire to withdraw for these reasons or to involve the Court in any dispute. However, undersigned counsel would like the Court to recognize the further financial hardship that undersigned counsel will suffer being required to come to Florida for the Tjoflat hearing as, based on previous experience, undersigned counsel will not receive any reimbursement for this trip.

Specifically, undersigned counsel originally received ½ of the agreed fee but never received any expenses or costs. Un-reimbursed expenses and costs were as follows: $2,300.00 travel, $800.00 costs; $2,300.00 travel, $400.00 costs; $2130.00 travel, $470.00 costs and $2,195.00 travel, costs for child care and substitute judges of $3,500.00. These un-reimbursed amounts have equaled, to date, $14,095.00. Now undersigned counsel faces additional expenses related to the Tjoflat hearing of $2,000.00 in airfare, $235.00 car rental and nearly $1,000.00 for child care and substitute judge costs to cover her responsibilities in Montana during her absence. Undersigned counsel will be present at the Tjoflat hearing before this Court and will renew her Motion to

4

Withdraw in light of the facts of the case, specifically, that undersigned counsel cannot continue to represent the Defendant owing to

(1). The Defendant's desire NOT to have undersigned counsel as counsel;

(2). The existence of a conflict between undersigned counsel and the Defendant's interests; and

(3). Financial hardship to undersigned counsel in that:

> undersigned counsel spent over 20 days traveling to and from Florida and in trial in this case in Ft. Lauderdale as well as over two and one half weeks in trial preparation;

> undersigned counsel received a total of only 70% of the fee promised by the Defendant, 0% of the incurred expenses leaving undersigned counsel with total fees of a little less 30% of the agreed fee and expenses.

Although undersigned counsel is willing to take her lumps in this case, she desires to withdraw because the Defendant does not wish her assistance nor does undersigned counsel believe she can represent the Defendant further without a conflict.

Following trial in this case, by his actions and statements to undersigned counsel, the Defendant informed undersigned counsel that her services were no longer needed by the Defendant, and he no longer wished her to act as counsel in post-trial matters. The Defendant has other counsel of record; there will be no prejudice to the Defendant in permitting counsel to withdraw, and the granting of this motion will have no impact on the Court or on the Court of Appeal's scheduling in this case. In fact, undersigned counsel believes that the relationship between undersigned counsel and the Defendant leaves undersigned counsel in a clear conflict situation, in part

5

because based on the Defendant's conduct with undersigned counsel there looms the specter of possible, but un-meritorious, allegations regarding the degree of effectiveness of undersigned counsel. Although undersigned counsel always acted in the best interests of the Defendant and did the best job she was able to do under the circumstances, undersigned counsel believes she should not represent the Defendant further in any matter, especially on appeal, which can only compound and exacerbate an already uncomfortable situation.

Respectfully submitted,

*[signature]*

PATRICIA JEAN KYLE, ESQ.
216 South Grand Avenue
Bozeman, Montana 59715
Tel: (406) 582-7374 or 582-2040
FAX (406) 582-2041
Member Florida & Montana Bar Assns.

SWORN AND SUBSCRIBED, this 25th day of January, 2001 before me, a Notary Public of the State of Montana.

*[signature: Amy Lynch]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed by United States mail this 25th Day of January, 2001 to AUSA ROGER POWELL, Office of the United States Attorney, 500 E. Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394; STEPHEN J. GOLEMBE, ESQ., 2601 S. Bayshore Drive, Suite 1400, Coconut Grove, Florida 33133; J.C. ELSO, ESQ., 3780 W. Flagler Street, Miami, Florida 33134.

*[signature]*

PATRICIA JEAN KYLE, ESQ.